1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10                                ----oo0oo----

11

12   ERIN MUZYKA,                        No. 2:18-cv-01097 WBS

13              Plaintiff,

14        v.                             MEMORANDUM AND ORDER RE:
                                         DEFENDANT'S MOTION FOR
15   RASH CURTIS & ASSOCIATES,           SUMMARY JUDGMENT

16              Defendant.

17

18                                ----oo0oo----

19        Plaintiff Erin Muzyka brought this action against

20   defendant Rash Curtis & Associates.  Plaintiff asserts that

21   defendant violated the Fair Debt Collection Practices Act

22   ("FDCPA"), 15 U.S.C. §§ 1692 et seq., and California's Rosenthal

23   Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ.

24   Code §§ 1788 et seq.  Pursuant to Federal Rule of Civil Procedure

25   56, defendant now moves for summary judgment on all of

26   plaintiff's claims.

27   I.   Factual and Procedural Background

28              Defendant is a third-party debt collection agency.

                                        1

1   (Keith Decl. ¶ 4 (Docket No. 17).)  On May 7, 2015, defendant was

2   assigned to collect an outstanding medical debt owed by

3   plaintiff.  (Id. ¶ 7.)  Between 2015 and 2017, defendant called

4   plaintiff about the outstanding debt.  (Id. ¶ 10.)  Sometimes,

5   defendant called plaintiff more than once in a single day.  (Id.

6   ¶ 15.)  In September 2017, plaintiff's counsel sent defendant a

7   cease-and-desist letter demanding that defendant not engage in

8   further with plaintiff.  (Id., Ex. F.)

9        The parties dispute whether plaintiff told defendant to

10  stop calling her at any point before the September 2017 cease-

11  and-desist letter.  Plaintiff contends that she spoke with

12  representatives of Rash Curtis & Associates via telephone in

13  summer 2016 and "repeatedly instructed them to stop calling her."

14  (Pl.'s Opp. to Mot. for Sum. J., Ex. B ("Pl.'s Answers to

15  Interrog.") at No. 7 (Docket No. 23-2).)  Defendant denies that

16  any of its representatives or employees ever made any contact

17  with plaintiff.  (Keith Decl. ¶ 10.)

18       Plaintiff also contends that defendant "threatened to

19  file suit against [p]laintiff if she did not pay the balance of

20  the alleged debt," but that it "did not follow through with that

21  threat."  (Pl.'s Answers to Interrog. at No. 8.)[1]  Defendant

22  denies that it ever spoke with plaintiff, let alone threatened

23  legal action against her.  (Keith Decl. ¶ 20.)

24  II.  Discussion

25       Summary judgment is proper "if the movant shows that

26

27  [1]   The court cites to plaintiff's interrogatory responses
    because plaintiff has not proffered any declarations or
28  affidavits in support of these contentions.

2

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). Alternatively, the movant can demonstrate that the non-moving party cannot provide evidence to support an essential element upon which it will bear the burden of proof at trial. Id. Any inferences drawn from the underlying facts must, however, be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

A.   FDCPA Claims

In 1977, Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The Act establishes a nonexclusive list of unlawful debt collection practices and provides for public and private remedies. Id. §§ 1692–1692p.

3

1    Plaintiffs bringing actions under the FDCPA must do so "within

2    one year from the date on which the violation occurs."  15 U.S.C.

3    § 1692k(d).

           1.   <u>Calling plaintiff despite her alleged cease and</u>

4    <u>desist request</u>

5         Section 1692d of the FDCPA ("Section 1692d") prohibits

6    debt collectors from engaging in "any conduct the natural

7    consequence of which is to harass, oppress, or abuse any person

8    in connection with the collection of a debt."  15 U.S.C. § 1692d.

9    Courts have recognized that contacting debtor who has asked the

10   debt collector to cease and desist communications may violate

11   Section 1692d.  <u>See</u> <u>Arteaga v. Asset Acceptance, LLC</u>, 733 F.

12   Supp. 2d 1218, 1227 (E.D. Cal. 2010) (O'Neill, J.) ("[A] debt

13   collector may harass a debtor by continuing to call the debtor

14   after the debtor has requested that the debt collector cease and

15   desist communication.")  <u>See also</u> <u>Moltz v. Firstsource Advantage,</u>

16   <u>LLC</u>, No. 08-CV-239S, 2011 WL 3360010, at *3 (W.D.N.Y. Aug. 3,

17   2011) (denying summary judgment for defendant debt collector on

18   Section 1692d claim where plaintiff made verbal, but not written,

19   request that defendant cease calls).

20        Plaintiff alleges that defendant violated Section 1692d

21   by "continu[ing] to call [p]laintiff multiple times daily in

22   spite of [p]laintiff's multiple demands to stop calling her."

23   (Compl. ¶ 20.)  Defendant argues that it is entitled to summary

24   judgment on this claim because plaintiff has failed to put forth

25   sufficient evidence to create a triable issue of fact as to

26   whether she ever told defendant to stop calling her.  <u>See</u>

27   <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)

28   (quotation omitted) ("[A] party opposing a properly supported

1   motion for summary judgment may not rest upon the allegations or

2   denials in the pleadings, but . . . must set forth specific facts

3   showing that there is a genuine issue for trial."). Defendant

4   contends that plaintiff has not set forth any "specific facts"

5   showing that there is a genuine issue as to whether or not

6   plaintiff ever told defendant to stop calling her. In support of

7   this contention, defendant points to its "uncontroverted"

8   evidence that it never spoke to plaintiff. (See Keith Decl. ¶

9   10). Defendant also dismisses plaintiff's interrogatory answers

10  as a mere "recitation" of the allegations in plaintiff's

11  complaint. (Def.'s Reply in Supp. of Mot. for Summ. J. at 4

12  (Docket No. 28.)

13          Federal Rule of Civil Procedure 56(c) explicitly

14  permits district courts to consider "answers to interrogatories

15  when reviewing a motion for summary judgment so long as the

16  content of those interrogatories would be admissible at trial."

17  Johnson v. Holder, 700 F.3d 979, 982 (7th Cir. 2012)(quoting

18  Hardrick v. City of Bolingbrook, 522 F.3d 758, 761 (7th Cir.

19  2008)). See also Alaska Ctr. for Env't v. Browner, 20 F.3d 981,

20  986 (9th Cir. 1994) ("The federal rules specifically authorize

21  the use of interrogatory answers in summary judgment

22  practice[.]"). In order to be admissible at trial, an

23  interrogatory answer must be made on personal knowledge.

24  Johnson, 700 F.3d at 982.

25          In the instant case, plaintiff's opposition to

26  defendant's Motion for Summary Judgment relies on her response to

27  Interrogatory Number Two. That interrogatory read:

28              INTERROGATORY NO. 2:

> For each and every date identified in YOUR response to Interrogatory No. 1, please state with specificity the substance of each conversation.
>
> Plaintiff's response to it was:
>
> While Plaintiff does not recall the exact dates of each telephone conversation she had with Defendant, she remembers repeatedly telling Defendant's collectors to stop the harassing collection calls.

(Pl.'s Answers to Interrog. at No. 2.)

This interrogatory response is based on plaintiff's personal knowledge, and there is no indication that plaintiff is incompetent to testify on this issue at trial. As such, under Federal Rule of Civil Procedure 56(c), plaintiff's response to Interrogatory Number Two is properly considered as evidence at the summary judgment stage. This evidence directly contradicts defendant's evidence that it never made contact with plaintiff. (See Keith Decl. ¶ 10.) The fact that plaintiff does not remember exactly when she told defendant to stop calling her does not fatally undermine the credibility of her evidence. See Krapf, 2010 WL 2025323, at *2 (denying summary judgment for defendant in FDCPA case even though the plaintiff "could not specifically remember the dates when the [defendant] calling started or stopped." (emphasis in original)).[2] Defendant does

---

[2]  In Mammen v. Bronson & Migliaccio, LLP, 715 F. Supp. 2d 1210 (M.D. Fla. 2009), the court considered a Section 1692d claim brought by plaintiffs, one of whom who testified that the defendant debt collector told him "you're lying" during a debt collection call.  Defendant's discussion of Mammen in its reply brief asserts that the Mammen court considered the plaintiffs' inability to specifically identify the phone call or caller he alleged harassed him in deciding to grant the defendant's motion for summary judgment.  (Def.'s Reply in Supp. of Mot. for Summ.

1   not cite, and the court is not aware of any, caselaw requiring

2   that a FDCPA plaintiff produce detailed contemporaneous notes

3   authenticating the time and date of every call with a defendant

4   debt collector in order to survive a motion for summary judgment.

5        Plaintiff's opposition to defendant's Motion for

6   Summary Judgment also relies on defendant's call logs.  (Pl.'s

7   Opp. to Mot. for Summ. J., Ex. A (Docket No. 23-1).)  Defendant's

8   call log lists dozens of calls as "answered" and lasting for

9   relatively long periods of time, e.g., 72 seconds, 39 seconds,

10  and 84 seconds.  Defendant claims that despite these nearly three

11  dozen "answered" calls, it never spoke to plaintiff.  (Keith

12  Decl. ¶ 11.)  Defendant explains that it has collection software

13  and that if a live person had been detected when it called

14  plaintiff, the software would have transferred the call to a

15  collector and automatically notated the time and date of the

16  connected call.  (Id. ¶ 13.)  Thus, the "answered" notation next

17  to the outgoing calls, defendant contends, does not mean that it

18  actually spoke with plaintiff.

19       Plaintiff offers a different interpretation of

20  defendant's call logs: the calls demarcated as "answered" were

21  answered by her, and, on at least one occasion in summer 2016,

22  _____

J. at 4.)  This is technically true: the court did note that the
23  plaintiffs were "unable to provide detailed information about the
    telephone calls [p]laintiffs received, including date, time, or
24  day of the week."  Id. at 1219.  However, this does not appear to
    be the primary substantive reason that the Mammen court granted
25  defendant's motion  for summary judgment on the plaintiff's
    Section 1692d claim.  The Mammen court held that calling someone
26  a liar is not "akin to profanity or obscenity."  Id.  It was, in
    other words, the inadequacy of plaintiffs' allegations, not their
27  lack of authentication, that was fatal to the plaintiffs' Section
    1692d claim in Mammen.
28

she told defendant to stop calling her, a request it allegedly
ignored.  (Pl.'s Answers to Interrog. at No. 2.)  The court
agrees that, when viewed in the light most favorable to the non-
moving party, defendant's call logs could be interpreted as
corroborating plaintiff's contentions.  Plaintiff's answer to
Interrogatory Number Two and the defendant's call logs raise a
"genuine dispute" as to whether or not plaintiff told defendant
to stop calling her at any point before her counsel mailed a
cease and desist letter to defendant. Based on the factual record
in this case, a reasonable jury could thus find that plaintiff
and defendant spoke and that, on at least one occasion in summer
2016, plaintiff orally told defendant to stop calling her.  To
the extent that this oral request also preceded any of
defendant's calls, its materiality is undisputed.  Defendant
itself admits that a plaintiff would have a viable Section 1692d
claim against a defendant that called the plaintiff "after
receiving a cease and desist."  (Mot. for Summ. J. at 6.)  See
Arteaga, 733 F.Supp.2d at 1227.  See also Tucker, 710 F. Supp. 2d
at 1305 (describing hypothetical repeated calls to a debtor who
asked debt collector to cease calling as "oppressive conduct").

        Defendant also argues that plaintiff's Section 1692d
claim is time-barred.  The FDCPA's one year statute of
limitations is subject to the discovery rule, under which the
limitations period begins to run only when a plaintiff "knows or
reasonably could have become aware of" an alleged violation.
Bondi v. Nationstar Mortg. LLC, 752 F. App'x 431, 433 (9th Cir.
2018)(internal quotations and citation omitted).  Defendant
contends that plaintiff's Section 1692d claim is not timely

1    because it was not brought within one year of plaintiff's

2    "discovery" of the defendant's <u>first</u> alleged Section 1692d

3    violation in summer 2016, i.e., the first time that defendant

4    allegedly called plaintiff after orally being asked not to.

5           This argument fails because under plaintiff's theory of

6    defendant's Section 1692d liability, each of the fourteen calls

7    that occurred after May 2017 was harassing and abusive since it

8    occurred after plaintiff repeatedly told defendant not to call

9    her.  The fact that plaintiff allegedly learned of defendant's

10   <u>first</u> alleged violation in summer 2016 does not bar her from

11   asserting claims based on subsequent violations which occurred

12   within the statutory period.  As such, when the evidence is

13   viewed in the light most favorable to the non-moving party,

14   plaintiff's Section 1692d claim is not time-barred because it is

15   based, in part, on conduct which occurred within the applicable

16   statutory period.

17           2.   <u>Excessive Calling</u>

18           Although plaintiff states that her claim of excessive

19   calling is based on both Section 1692d and Section 1692d(5), the

20   court considers that claim only under Section 1692d(5).[3]

---

21   [3]    Numerous courts have found that "concurrent claims for

22   violations of § 1692d and § 1692d(5) must be treated as a single

     claim under § 1692d(5) where . . . the underlying conduct fits

23   squarely within § 1692d(5)."  <u>Hollis v. LVNV Funding</u>, No. EDCV

     18-1866 JGB KKx, 2019 WL 1091336, at *3 (C.D. Cal. Jan. 2, 2019)

24   (internal quotations and citation omitted).  <u>See, e.g.</u>, <u>Fields v.</u>

     <u>Credit Mgmt. Sys.</u>, No. EDCV 14-1853 JGB (SPx), 2015 WL 11367930,

25   at *6 (C.D. Cal. Nov. 23, 2015)("[W]here there is no factual

     distinction between the underlying allegations, bringing two

26   separate claims under sections 1692d and 1692d(5) for harassment

     by telephone is redundant, and as such, improper.");  <u>Stirling v.</u>

27   <u>Genpact Servs.</u>, LLC, No. 2:11-CV-06369-JHN, 2012 WL 952310, at *3

28   (C.D. Cal. Mar. 19, 2012)(declining to allow a plaintiff to

1          Section 1692d(5) of FDCPA specifically prohibits

2     "[c]ausing a telephone to ring or engaging any person in

3     telephone conversation repeatedly or continuously with intent to

4     annoy, abuse, or harass any person at the called number."

5          Plaintiff alleges that defendant called her cellphone

6     "daily, often multiple times per day."  (Compl. ¶ 11.)

7     Defendant's records indicate it called plaintiff 18 times in

8     2015, approximately 90 times in 2016, and approximately 12 times

9     from the number 866-729-2722 in 2017.  (Keith Decl. ¶ 10.)

10    Plaintiff has not produced any evidence that defendant called her

11    more frequently than defendant's records indicate.  Plaintiff

12    alleges that the mere volume of calls she received from defendant

13    raises a triable issue of fact as to defendant's intent in

14    placing those calls.  Defendant disputes this claim and cites

15    several district court opinions holding that a FDCPA defendant's

16    high call volumes alone did not evidence abusive intent.  See

17    e.g. Jiminez v. Accounts Receivable Mgmt., Inc., No. CV 09-9070-

18    GW AJWx, 2010 WL 5829206 at *5 (C.D. Cal. Nov. 15, 2010)

19    (granting summary judgment on Section 1692d claim where defendant

20    called plaintiff 72 times in 115 days because, absent some

21    unacceptable pattern of calls, "any reasonable juror" could only

22    find that the debt collector's calls were placed "with the intent

23    _____

24    concurrently pursue Section 1692d and Section 1692d(5) claims on
      the grounds that doing so would "effectively eviscerate the
25    requisite intent contemplated in situations governed by §
      1692d(5)" and "render that entire subsection superfluous.").
26    Plaintiff's excessive calling allegations fit squarely within the
      purview of Section 1692d(5).  Given this, the court declines to
27    consider plaintiff's redundant Section 1692d claim for excessive
      calling and will evaluate plaintiff's excessive calling
28    allegations exclusively under Section 1692d(5).

                                   10

1   to reach [plaintiff] to collect the [d]ebt" and not with the

2   intent to annoy, abuse, or harass); <u>Tucker v. CBE Grp., Inc.</u>, 710

3   F. Supp. 2d 1301 (M.D. Fla. 2010) (granting summary judgment for

4   defendant on Section 1692d because 57 calls, seven of which were

5   on a single day, do not evidence an intent to annoy); <u>Jones v.</u>

6   <u>Rash Curtis & Assocs.</u>, No. C 10-00225 JSW, 2011 WL 2050195, at *3

7   (N.D. Cal. Jan. 3, 2011) (granting summary judgment for defendant

8   on Section 1692d claim because 179 calls in a year, in and of

9   itself, did not raise a triable issue as to whether the calls

10  were initiated with intent to harass).

11          Defendant also relies heavily on <u>Arteaga</u>, 733 F. Supp.

12  2d 1218.  In that case, Judge O'Neill held that absent some other

13  egregious feature of the calls, "daily" or "near daily" telephone

14  calls did not constitute harassment as a matter of law.  In

15  granting the defendant debt collector's motion for summary

16  judgment on the plaintiff's Section 1692d and 1692d(5) claims,

17  Judge O'Neill cited the absence of evidence that "[defendant]

18  called [plaintiff] immediately after she hung up, called multiple

19  times in a single day, called her place of employment, family, or

20  friends, called at odd hours, or called after she requested

21  [defendant] to cease calling."  <u>Id.</u> at 1229.  Relying on <u>Arteaga</u>,

22  defendant contends that plaintiff's Section 1692d(5) claim fails

23  as a matter of law because "in cases where there is only a high

24  frequency of calls, some conduct does not constitute harassment

25  as a matter of law."  (Def.'s Mot. in Supp. of Summ. J. at 6

26  (Docket No. 13).)

27          Defendant is correct that many district courts

28  considering Section 1692d(5) claims have granted summary judgment

1    for defendants where there is a high volume of calls but no other

2    factors indicative of an intent to annoy, e.g. calls at

3    inconvenient hours or locations.  However, several district

4    courts have been more reluctant to resolve the question of intent

5    at the summary judgment stage.  In Akalwadi v. Risk Management

6    Alternatives, Inc., 336 F. Supp. 2d 492 (D. Md. 2004), for

7    example, the court denied cross-motions for summary judgment

8    where the defendant made 26 or 28 calls to plaintiff in a two-

9    month period, including three on one day.  After noting the

10   "disagreement among district courts as to the specific volume and

11   pattern of calls that will allow a plaintiff to raise a triable

12   issue of fact of the defendant's intent to annoy or harass," the

13   court in Krapf v. Nationwide Credit Inc., No. SACV 09-00711

14   JVSMLG, 2010 WL 2025323, at *3 (C.D. Cal. May 21, 2010), likewise

15   denied summary judgment to a defendant that had called the

16   plaintiff 180 times in a single month.

17          This court is of the mind that sometimes, as the court

18   in Majeski v. I.C. System, Inc., No. 08 CV 5583, 2010 WL 145861

19   (N.D. Ill. Jan. 8, 2010), noted, "the reasonableness of the

20   volume and pattern of telephone calls is a question of fact best

21   left to a jury."  See id. at *3.  It is true that in the instant

22   case, plaintiff provides no evidence that defendant called her at

23   an inconvenient location or at inappropriate hours.  Nor are

24   there allegations or evidence that defendant used abusive

25   language.  There is simply the volume, extent, and frequency of

26   defendant's calls, which occurred between 2015 and 2017, at most

27   90 in a year, and sometimes more than once in a single day.

28   Perhaps defendant's first and second calls to plaintiff were made

1   purely with the intent to reach plaintiff to collect the debt.

2   But was the eightieth?  The hundredth?  The hundred and

3   twentieth?  In the view of this court, these circumstances give

4   rise to a genuine disputed issue of material fact as to

5   defendant's intent that is not appropriately resolved at the

6   summary judgment stage.  If, as defendant maintains, it never

7   made contact with plaintiff, why did it persist in calling her

8   after dozens and dozens of unanswered calls?  Plaintiff's theory

9   -- that defendant engaged in this conduct because it intended to

10  grind her down, harass and oppress her with the sheer volume and

11  incessance of its calls -- is no less plausible than defendant's

12  explanation that it called merely to collect the debt.  As such,

13  there is a genuine dispute as to the material fact of whether or

14  not defendant called plaintiff with the intent to harass, abuse,

15  or oppress her.

16      Defendant also argues that plaintiff's Section 1692d(5)

17  claim is time-barred.  Specifically, it contends that all conduct

18  occurring before May 2, 2017 is outside the statutory period and

19  that since defendant only called plaintiff 14 times after May 2,

20  2017, it did not intend to harass her: 14 calls in a year does

21  not, as a matter of law, defendant contends, evidence abusive

22  intent.

23      Plaintiff counters that because of the "continuing

24  violation" doctrine, her Section 1692d(5) claim is not in any way

25  time barred.  (Pl.'s Opp. to Mot. for Summ. J. at 8-9 (Docket No.

26  23).)  Under that doctrine, which district courts have applied in

27  the FDCPA context, a plaintiff may recover "for actions that take

28  place outside the limitations period if these actions are

1   sufficiently linked to unlawful conduct within the limitations

2   period [.]" Komarova v. Nat'l Credit Acceptance, Inc., 175 Cal.

3   App. 4th 324, 343 (1st Dist. 2009) (quoting Richards v. CH2M

4   Hill, Inc., 26 Cal. 4th 798, 812 (2001)).  "The key is whether

5   the conduct complained of constitutes a continuing pattern and

6   course of conduct as opposed to unrelated discrete acts." Joseph

7   v. J.J. Mac Intyre Cos., L.L.C., 281 F. Supp. 2d 1156, 1161 (N.D.

8   Cal. 2003).  If there is a pattern of allegedly unlawful conduct,

9   a suit is timely filed if it is brought "within one year of the

10  most recent date on which the defendant is alleged to have

11  violated the FDCPA." Id. (quoting Padilla v. Payco Gen. Am.

12  Credits, Inc., 161 F. Supp. 2d 264, 273 (S.D.N.Y. 2001)).

13          Defendant's call logs evidence a relatively steady

14  stream of telephone calls that began in 2015 and continued up

15  until August 2017.  Plaintiff's Section 1602d(5) claim is

16  predicated on the repetitive and continuous nature of these

17  calls.  As such, the fourteen calls which occurred within the

18  statutory period are united with the dozens that preceded them in

19  a single course of conduct.  Plaintiff's 1692d(5) claim was

20  brought "within one year of the most recent date on which the

21  defendant is alleged to have violated [Section 1692d(5)]." See

22  Joseph, 281 F. Supp. 2d at 1161.  Accordingly, it is not barred

23  by the statute of limitations.

24          3.   Unfair or unconscionable means of debt collection

25          Section 1692f of the FDCPA ("Section 1692f") prohibits

26  a debt collector from using "unfair or unconscionable means to

27  collect or attempt to collect any debt."  15 U.S.C. § 1692f.

28  Plaintiff alleges that defendant violated Subsection 1692f of the

14

1   FDCPA by: (1) calling her an excessive number of times between

2   early 2016 and September 2017; and (2) falsely threatening to

3   pursue legal action against her without actually intending to

4   pursue that course of action.  (Compl. ¶ 22.)

5          Section 1692f "serves a backstop function, catching

6   those 'unfair practices' which somehow manage to slip by §§ 1692d

7   & 1692e."  Edwards v. McCormick, 136 F. Supp. 2d 795, 806 (S.D.

8   Ohio 2001).  Given this purpose, "courts have dismissed claims

9   under 15 U.S.C. § 1692f where such claims are based on facts that

10   are also the basis for another more specific FDCPA claim."

11   Martin v. Target Card Servs., No. CV 17-5372 PA (MRWx), 2018 WL

12   2723258, at *5 (C.D. Cal. Apr. 24, 2018).  See, e.g., Lake v.

13   Consumer Adjustment Co., Inc., No. 4:15-CV-01495-JCH, 2015 WL

14   8770719, at *4 (E.D. Mo. Dec. 14, 2015) (dismissing a plaintiff's

15   claim under Section 1692f which arose from the same set of

16   factual allegations as his Section 1692e claim); Foti v. NCO Fin.

17   Sys., Inc., 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006) (holding

18   that the plaintiffs' Section 1692f claim was deficient where the

19   plaintiffs did not "identify any misconduct beyond that which

20   Plaintiffs assert violate other provisions of the FDCPA.");

21   Turner v. Prof'l Recovery Servs., Inc., 956 F. Supp. 2d 573, 580-

22   81 (D.N.J. 2013) (granting summary judgment for defendant on §

23   1692f claim based entirely on alleged conduct encompassed by

24   Sections 1692c(a)(1) and 1692d of the FDCPA).

25          Thus, to the extent that plaintiff's Section 1692f

26   claim is grounded in defendant's allegedly excessive phone calls,

27   the court will dismiss that claim because those allegations were

28   already considered in the context of plaintiff's Section 1692d(5)

1   claim.

2          Plaintiff also alleges that defendant violated Section

3   1692f by falsely threatening, in November 2016, to file a lawsuit

4   against plaintiff.[4]  (Compl. ¶ 22.)  Defendant contends that this

5   claim is time barred.

6          Though the continuing violation doctrine saves

7   plaintiff's Section 1692d(5) claim from being untimely, it cannot

8   do the same for plaintiff's Section 1692f claim.  Plaintiff

9   alleges a single discrete empty threat of litigation that

10  occurred in November 2016, and not, for example, a series of

11  empty threats that began in November 2016 and continued beyond

12  May 2017.  The alleged violation is not a "pattern" of behavior

13  that spans across and beyond the limitations period, but a

14  discrete act that occurred well before May 2, 2017.  As such,

15  plaintiff's claim that defendant violated Section 1692f by

16  threatening litigation, without intending to pursue it, is time-

17  barred.

18          For the foregoing reasons, the court will grant

19  defendant's Motion for Summary Judgment with respect to

20  plaintiff's Section 1692f claim.

21      B.   Rosenthal Act Claim

22          California's Rosenthal Act prohibits debt collectors

23

24  ─────────────────────
    [4]   Since Section 1692e(5) explicitly prohibits debt collectors
25  from makings "threat[s] to take any action that cannot legally be
    taken or that is not intended to be taken," these facts would
26  arguably more appropriately form the basis of a Section 1692e
    claim.  Since claims arising out of defendant's alleged November
27  2016 claim are time barred, however, the court declines to grant
    summary judgment for defendant merely because plaintiff has
28  improperly denominated her claims.

1 | from engaging in unfair or deceptive practices in the collection

2 | of consumer debts.  Cal. Civ. Code § 1788.1.  Under the Rosenthal

3 | Act, "every debt collector collecting or attempting to collect a

4 | consumer debt shall comply with the provisions of Sections 1692b

5 | to 1692j, inclusive, of, and shall be subject to the remedies in

6 | Section 1692k of, Title 15 of the United States Code."  Cal. Civ.

7 | Code § 1788.17.

8 | Because the court finds that summary judgment is not

9 | appropriate on plaintiff's Section 1692d and Section 1692d(5)

10 | FDCPA claims, the court must also deny defendant's motion for

11 | summary judgment on her Rosenthal Act claim, to the extent that

12 | that claim is premised on defendant's alleged violation of those

13 | sections of the FDCPA.

14 | IT IS THEREFORE ORDERED that defendant's Motion for

15 | Summary Judgment (Docket No. 12) be, and hereby is, GRANTED with

16 | respect to plaintiff's claim that defendant violated Section

17 | 1692f by engaging in unfair and unconscionable debt collection

18 | practices;

19 | IT IS FURTHER ORDERED that defendant's Motion for

20 | Summary Judgment be, and hereby is, DENIED with respect to

21 | plaintiff's claim that defendant violated Section 1692d by

22 | calling her after she requested it cease and desist contacting

23 | her;

24 | IT IS FURTHER ORDERED that defendant's Motion for

25 | Summary Judgment be, and hereby is, also DENIED with respect to

26 | plaintiff's claim that defendant violated Section 1692d(5) by

27 | calling her excessively;

28 | AND IT IS FURTHER ORDERED that defendant's Motion for

1   Summary Judgment be, and hereby is, DENIED with respect to

2   plaintiff's Rosenthal Act claim.

3   Dated:   July 3, 2019

4

WILLIAM B. SHUBB
5                           UNITED STATES DISTRICT JUDGE